## CRIMINAL APPEALS
## CERTIFICATE OF NOTICE OF APPEAL TO THE FOURTH COURT OF APPEALS

TRIAL COURT NO. 2011CR3121

THE STATE OF TEXAS

VS

KEVIN BALDITT

IN THE 399TH DISTRICT COURT
FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
OF BEXAR COUNTY, TEXAS

KEITH E. HOTTLE
Clerk

1. Defendant filed motion for new trial: X no __ yes, date filed:_____

2. Notice of appeal was filed on  04-27-2015

3. The Honorable RAY OLIVARRI _____ presided at the trial _____.

4. The above named defendant was convicted _____ of the offense(s) of INTOX ASSLT-P/S - SBI
   as a (Repeater)(Habitual).

5. State's appeal attorney: NICHOLAS LAHOOD          300 Dolorosa, Suite 4025, Bexar County Justice
   Center, San Antonio, Texas,78205 (210)335-2413      SBN: 24030360

6. Trial _____ Attorney(s):  ALAN BROWN

   (Retained)(Appointed) Appeals attorney:MICHAEL L YOUNG
   Address & Phone No: 700 N ST MARY'S ST 1423 SAN ANTONIO, TX, 78505- (210)202-2399          SBN: 794895

   Defendant Pro-Se __ Yes X No
7. The trial held was:___Trial before the Court          ___Jury trial on guilt only
   ___Jury trial on punishment only          ___Jury trial guilt and punishment
   ___Plea of guilt / nolo contendere to court - negotiated plea agreement followed by court
   ___Pretrial motion heard prior to plea     X Open/non negotiated plea of guilty/nolo contendere
   ___Motion to enter adjudication of guilt   ___Motion to revoke community supervision
   ___Other_____

8. The sentence was (imposed  ) on:07-21-2014 for a period of:yrs:016 mths:00
   and a fine of $

9. Defendant  is presently in:___ BCADC  X  TDCJID. Defendant is on  ** RWOB **          appeal bond.

10. Name and Address of Court Reporter(s) who reported the evidence: SACHIKO NAGAO, 300 DOLOROSA
    SAN ANTONIO, TEXAS 78205

11. If two or more cases were tried together the other cases that have been or may be appealed are:(Defendant's na
    & cause number) _____

WITNESS MY HAND THIS THE 6th DAY OF May _____, 2015

COURT REPORTER(S): _____ Date: 5-6-15
                                              Date:_____

KEITH E. HOTTLE, CLERK

BY:_____                  Date:_____
   Deputy

DONNA KAY MCKINNEY
BEXAR COUNTY DISTRICT CLERK
BY:_____

PENA, MORRIS L                                ,DEPUTY

(jsdca)

STATE OF TEXAS
VS

KEVIN BALDITT

Cause No. 2011-CR-3121
FILED
DONNA McKINNEY
DISTRICT CLERK
BEXAR COUNTY
2015 APR 27 P 4:50
DEPUTY
BY: _____

IN THE DISTRICT COURT
39th Judicial District
Bexar County, Texas

---

## LATE NOTICE OF APPEAL FROM NEGOTIATED PLEA

---

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes KEVIN BALDITT, TDCJ ID No 1942689, hereinafter "Defendant", Pro Se in the above entitled and numbered cause and files this his LATE NOTICE OF APPEAL FROM NEGOTIATED PLEA AND would show the following:

① On July 27, 2014 Judgment and sentence herein entered.

② Pursuant to Texas Rule of Appellate Procedure 25.2 (a) (2). Defendant in a criminal case has the right of appeal under these rules. The trial court shall enter a certificate of the defendant's right to appeal in every case in

FILED
DONNA KAY McKINNEY
DISTRICT CLERK
BEXAR COUNTY
15 APR 28 AM 11:39
DEPUTY

every case in which it enters a judgment of guilt or other appealable order. In a plea bargain case that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant — a defendant may appeal only:

   (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal

③ Defendant is not a lawyer or ever trained in law Defendant will show affidavits attesting to trial counsel misadvise. Trial Counsel advised defendant not to file this his Notice of Appeal because the case is still fresh on the minds of the trial judge, prosecutor, And the public. Trial Counsel advised defendant to wait (6) six months prior to filing his Appeal.

④ Defendant was granted permission by the courts to Appeal. (See Certification of Defendant's Right of Appeal)

(5) Defendant has sought out the Assistance of the STATE BAR OF TEXAS to assist in the retrival of his file(s) court papers promised and not delievered to defendant

(6) Defendant will provide affidavits where trial Counsel advised and made to believe defendant and defendants parents NOT to file request to appeal until the publicity has died down. Defendant was advised to wait (6) six months before trial Counsel would file his motion for Appeal

(7) Defendant has been unsuccessful in obtaining papers from trial Counsel. Defendant has NOT been able to develope his claim against his trial Counsel ineffective assistance

8. Defendant will show his counsel rendered Ineffective assistance, And in violation of the U.S. Const. 1st, 4th, 5th, 6th, 8th, and 14th Amendment. And their ~~parell~~ KB. parallel in the Texas Constitutional. Defendants due process rights. Void and ~~void~~[B] voidable indictment, illegal search and seizure, illegally obtained confession, denial of Right to Appeal, Void sentence and enhacement, illegal entered plea, involuntary, unknowingly, involuntary plea,

WHEREFORE, PREMESIS CONSIDERED, Defendant Pray this Late Notice of Appeal From Negotiated Plea be filed And granted And that it be made part of the Record with the attached Application For Appointment of Appeal Attorney.

April 23, 2015
Executed on

Kevin Baldit #1949689
Lopez State Jail
1203 El Cibolo Rd.
Edinburg, TX 78542

FOREVER

USA

McALLEN TX 785

24 APR 2015 PM 11 L

FILED
DONNA KAY McKINNEY
DISTRICT CLERK
BEXAR COUNTY

15 APR 28 AM 11:39

DEPUTY

BY_____

District Clerks
Donna Kay McKinney
Justice Center Tower
300 Dolorosa St, Ste 217
SATX, 78205

78205$3005

BY:_____

DEPUTY

2015 APR 27 P 4:50

FILED
DONNA KAY McKINNEY
DISTRICT CLERK
BEXAR COUNTY

No. 2011CR 3121

STATE OF TEXAS

v.

Kevin Balditt

IN THE DISTRICT COURT

399th JUDICIAL DISTRICT

BEXAR COUNTY, TEXAS

## ORDER APPOINTING APPELLATE COUNSEL

The Court, in accordance with Article 26.04(f) or 26.052, Code of Criminal Procedure, hereby appoints **MICHAEL YOUNG**, Chief Public Defender (SBN 00794895), to represent Kevin Balditt, an indigent defendant, in the above-styled and numbered cause.

Such representation shall continue until the appeal in this cause is exhausted or until relieved by the court or replaced by other counsel.

The Clerk of the Court shall notify the Bexar County Public Defender's Office via fax, at (210) 335-0707, or by hand delivery of the Order to the designated box at the Fourth Court of Appeals of Texas.

SIGNED _____5-6_____, 2015.

_____
JUDGE PRESIDING

**REMINDER: Please contact the Bexar County Public Defender's Office at 335-0701 or vmcdonald@bexar.org before making this appointment to verify that the office is presently accepting new appellate cases.**

Updated 4/20/2015



No. **2011CR3121**

| The State of Texas | § | In the **399th** District Court |
| | § | of |
| vs. | § | |
| **Kevin Baldtt** | § | Bexar County, Texas |

## TRIAL COURT'S CERTIFICATION OF DEFENDANT'S RIGHT OF APPEAL*

I, judge of the trial court, certify this criminal case:

❌      is not a plea-bargain case, and the defendant has the right of appeal; (or)

☐      is a plea-bargain case, but the defendant has filed a notice of appeal that specifies the appeal if for a jurisdictional defect; (Tex.Rules App. Pro. 25.2(a)(2)(A));

☐      is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeal; (Tex.Rules App. Pro. 25.2 (a)(2)(B)); (or)

☐      is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal; (Tex. Rules App. Pro. 25.2(a)(2)(c)); (or)

☐      is a plea-bargain case, and the defendant has NO right of appeal; (or)

☐      is a revocation of the defendant's community supervision, and the defendant has the right to appeal the court's action revoking the community supervision, but not the underlying conviction (Tex, Code of Crim. Pro. 42.12§23); (or)

☐      is an adjudication of guilt following a deferred adjudication, and the defendant has a limited right of appeal (Tex. Code of Crim. Pro. 2.12§5(b));

☐      is a decision on the defendant's motion for forensic DNA testing and the defendant has the right of appeal (Tex. Code of Crim. Pro 64.05);

☐      is one in which the defendant has waived the right of appeal.

**JUDGE** _____

**Date Signed** _____

I have received a copy of this certification. I have also been informed of my rights concerning any appeal of this criminal case, including any right to file a *pro se* petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure. I have been admonished that my attorney must mail a copy of the court of appeals's judgment and opinion to my last known address and that I have only 30 days in which to file a *pro se* petition for discretionary review in the court of criminal appeals. Tex. R. App. P. 68.2.

I acknowledge that, if I wish to appeal this case and if I am entitled to do so, it is my duty to inform my appellate attorney, by written communication, of any change in the address at which I am currently living or any change in my current prison unit. I understand that, because of appellate deadlines, if I fail to timely inform my appellate attorney of any change in my address, I may lose the opportunity to file a *pro se* petition for discretionary review.

**DEFENDANT** _____

Mailing address: _____
Telephone number: _____

Fax number if any: _____

**ATTORNEY FOR DEFENDANT** _____

Bar number: **15105900**
Mailing address: _____

Telephone: _____
Fax: _____

*"A defendant in a criminal case has the right of appeal under these rules. The trial court shall enter a certification of the defendant's right to appeal in every case in which it enters a judgment of guilt or other appealable order. In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." TEXAS RULE OF APPELLATE PROCEDURE 25.2(a)(2).